# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DAVID HIBBARD, *et al.*, | : |
| *Plaintiffs*, | : Case No. 1:24-cv-379 |
| v. | : Judge Jeffery P. Hopkins |
| NEWREZ LLC, *et al.*, | : |
| *Defendants*. | : |

# ORDER

Plaintiffs David and Lauren Hibbard bring this action against Defendants NewRez LLC ("NewRez") and PHH Mortgage Corporation ("PHH") for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and the Ohio Consumer Sales Practice Act ("OCSPA"), O.R.C. § 1345.01, *et seq.*, and for common law conversion. Presently before the Court is Defendant PHH Mortgage Corporation's Motion for Judgment on the Pleadings (Doc. 13) ("Motion"). Plaintiffs have not filed a response and the time for doing so has long since passed.[1] For the reasons below, PHH's Motion is **GRANTED**.

**I.  LEGAL STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Such a motion is assessed "using the same standard that

---

[1] Plaintiff's failure to respond prompted Defendant PHH to file a separate motion seeking dismissal for lack of prosecution. *See* Doc. 16. After considering the factors set forth in *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999), the Court declines to dismiss this case for lack of prosecution because, aside from Plaintiffs' failure to respond to PHH's Motion for Judgment on the Pleadings, there is no "clear record of delay or contumacious conduct." Thus, PHH's request to dismiss on that basis is **DENIED**.

applies to a review of a motion to dismiss under Rule 12(b)(6)." *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021) (citations omitted); *see also Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020) (noting that both Rule 12(c) and Rule 12(b)(6) follow the same failure-to-state-a-claim analysis). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Jackson v. Pro. Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The moving party is entitled to relief under Rule 12(c) "'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *Paskvan v. City of Cleveland Civ. Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## II. LAW AND ANALYSIS

### A. Defendant is entitled to judgment on Plaintiffs' RESPA claim.

We will start with Plaintiffs' RESPA claim. Under RESPA, a loan servicer must respond to any "qualified written request…for information relating to the servicing of [a] loan." 12 U.S.C. § 2605(e)(1)(A). A request that disputes an account balance is a qualified written request, otherwise referred to as a "QWR." *Id.* § 2605(e)(1)(B). There are three methods by which a *servicer* must respond to a QWR: "(1) correcting the account at issue, (2) after conducting an investigation, explaining or clarifying why the account is already correct, or (3) providing information requested in the QWR or explaining or clarifying why the requested information could not be obtained or provided." *Marais v. JPMorgan Chase Bank, N.A.*, 676 F. App'x 509, 514 (6th Cir. 2017) (citing § 2605(e)(2)). Failure to comply renders a servicer liable to the borrower for actual damages caused by such non-compliance. 12 U.S.C.

§ 2605(f)(1)(A). In addition, a court may also award up to an additional $2,000.00 in damages where there is a pattern or practice of non-compliance. *Id.* § 2605(f)(1)(B).

A key issue that PHH raises in its Motion is that PHH was not Plaintiffs' loan servicer at the time it received Plaintiffs' February 2023 and March 2023 correspondence, thereby relieving PHH of the duty to respond in accordance with RESPA. Doc. 13, PageID 124. The allegations in Plaintiffs' Complaint and the text of RESPA support this contention. Plaintiffs allege that NewRez replaced PHH as the loan service provider on September 1, 2020, *see* Compl., Doc. 1, ¶ 20, so PHH had not been the loan servicer for nearly two and a half years by the time it received Plaintiffs' correspondence. In other words, PHH was not the party "responsible for servicing" the loan at the time of Plaintiffs' requests. *Id.* § 2605(i)(2).

Now, this is not to say that PHH was relieved of its duty to respond altogether as soon as NewRez replaced PHH as the loan servicer. Rather, regulatory authority appears to say that PHH had a duty to respond to information requests made within a year of the service transfer. *See* 12 C.F.R. § 1024.36(f)(1)(v) (explaining that an information request is untimely if it is delivered more than one year after "[s]ervicing for the mortgage loan that is the subject of the information request was transferred from the servicer receiving the request for information to a transferee servicer"); *see also Bulmer v. MidFirst Bank, FSA*, 59 F. Supp. 3d 271, 277–78 (D. Mass. 2014) (acknowledging that "a prior servicer may have a duty to respond to a QWR within a year of the service transfer"). That same authority goes on to state that, if a request is made more than one year after service was transferred, the prior servicer need only notify the borrower that it has determined the information request is untimely. Here, Plaintiffs waited more than two years after service was transferred from PHH to NewRez. Thus, upon receipt of any information requests, such as Plaintiffs' March 2023

3

correspondence, PHH was only required to notify Plaintiffs that their request was untimely. 12 C.F.R. § 1024.36(f)(2). The record shows that it did so. In light of the foregoing, and given the lack of opposition from Plaintiffs, the Court finds that Plaintiffs have failed to plausibly allege a violation of RESPA and enters judgment to PHH on this claim.

### B. Defendant is entitled to judgment on Plaintiffs' conversion claim.

The Court will next address Plaintiffs' state-law claim for conversion. There is a four-year statute of limitations for conversion claims under Ohio law. O.R.C. § 2305.09. Specific to their claim for conversion, Plaintiffs allege that PHH and NewRez have not properly credited their account with payments Plaintiffs have made—namely, an August 2019 payment made while PHH serviced the loan. Compl., Doc. 1, ¶¶ 21, 55. Plaintiffs' conversion claim accrued when they discovered, or through the exercise of reasonable diligence should have discovered, the alleged conversion. *Cain v. Panitich*, 2018-Ohio-1595, ¶ 43–44 (10th Dist.). Plaintiffs are unable to maintain a claim for conversion because despite becoming aware of the alleged conversion in September 2019 and attempting (unsuccessfully) to remedy the issue at that time, Plaintiffs did not initiate this action until July 15, 2024—nearly a year beyond the four-year statute of limitations. Compl., Doc. 1, ¶ 22. As a result, Plaintiffs have failed to plausibly allege a claim for conversion. PHH is entitled to judgment on this claim.

### C. Defendant is entitled to judgment on Plaintiffs' OCSPA claim.

Lastly, the Court turns to Plaintiffs' OCSPA claim. The purpose of the OCSPA is to protect consumers from unfair, deceptive, or unconscionable sales practices. *Sumner v. Roofing Co.*, 2025-Ohio-3006, ¶ 14 (2d Dist.). To state a claim under the OCSPA, Plaintiffs must plausibly allege that PHH is a "supplier" under O.R.C. § 1345.01(C). *Miranda v. Xavier Univ.*, 594 F. Supp. 3d 961, 975 (S.D. Ohio 2022). The OCSPA defines a "supplier" as "a seller,

4

lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer." O.R.C. § 1345.01(C). The Ohio Supreme Court has expressly held that "an entity that services a residential mortgage is not a 'supplier' as defined in [the Act]." *Anderson v. Barclay's Capital Real Estate, Inc.*, 136 Ohio St. 3d 31, 38 (2013). Thus, as the prior loan servicer, PHH does not qualify as a "supplier" under the Act. Plaintiffs' threadbare assertion that PHH is subject to the Act does not show otherwise. PHH is therefore entitled to judgment on this claim.

### III. CONCLUSION

Accordingly, Defendant PHH Mortgage Corporation's Motion for Judgment on the Pleadings (Doc. 13) is hereby **GRANTED**.

**IT IS SO ORDERED.**

September 22, 2025

Jeffery P. Hopkins
United States District Judge